### WILLIAM EVANS, ET AL., *v.* A. B. CREAL, ADM'R, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—334, as *Evan v. Creal.*]

**Rights of a Co-Tenant.**

 A co-tenant has no right to charge his co-tenants with improvements
made by him, certainly not when the barn erected by him on the land
had been destroyed by fire at the time an accounting and judgment
settling the rights of the parties was rendered.

### APPEAL FROM LARUE CIRCUIT COURT.

October 19, 1880.

OPINION BY JUDGE COFER:

The judgment setting aside Creal's purchase established the fact
that, as against the appellants, he had no title to their interests out-
side of the dower allotted to the widow. He was a cotenant with
them, and as such had no right to charge them with improvements,
certainly not unless the improvements remained on the land when
the judgment settling the rights of the parties was rendered. The
evidence shows that the barn built by him has been burned down,
and that the farm is not in any better condition now than when he
took possession. Therefore he ought to account for use and occupa-
tion for as much as a tenant could have afforded to pay for rent, the
tenant keeping up the repairs.

Taking all the evidence together, we think that part of the land
outside of the dower was fairly worth $30 a year, the tenant to keep
up the repairs, and that Creal should be charged with that sum, and
should be credited by the money paid for taxes on the land outside
of the dower, that is, with two-thirds of the taxes on the whole land.
As owner of the dower he was bound to pay the taxes on it.

The court did not adjudge to Creal's and Nall's attorneys a lien on
appellants' interest, and they have no right to complain that a lien
was given the attorneys on the rest due.

Wherefore the judgment is *reversed,* and the cause remanded for a judgment in conformity with this opinion.

*W. H. Chelf, S. H. Bush, H. S. Johnson, for appellants.*

*T. A. Robertson, Read & Twyman, for appellees.*